UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GENE SMITH,

Petitioner,

v.

CONSTANCE REESE and
JANET RENO, A.G.,

Respondents.

CIVIL NO. 00-2471 (ADM/JMM)

REPORT AND RECOMMENDATION

The above matter is before the undersigned upon a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1]. Petitioner Gene Smith is represented pro se; Respondents are represented by Michael L. Cheever, Esq., Assistant United States Attorney. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that the Petition for a Writ of Habeas Corpus [Docket No. 1] be denied and the Petition be dismissed with prejudice.

## FINDINGS OF FACT/REPORT

### Introduction

Petitioner is a federal prisoner currently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). On February 27, 1996, Petitioner was sentenced by the United States District Court for the Northern District of Iowa to an 84-month prison term for Conspiracy to Distribute Methamphetamine. [Docket No. 7, Decl. Vasquez, Attachment A, Judgment in a Criminal Case]. Petitioner has a projected release date of August 9, 2001, under good conduct time release. [Id., Attachment B].

FILED APR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

This Petition concerns the federal inmate early release program created under 18 U.S.C. § 3621(e) ("Section 3621"). Section 3621 offers inmates who are convicted of nonviolent offenses and who successfully complete a drug treatment program the opportunity for a one-year sentence reduction as an incentive to participate in treatment.[1] The Bureau of Prisons ("BOP") has promulgated regulations making certain categories of inmates ineligible for early release under Section 3621, including in relevant part, "[i]nmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion." 28 CFR § 550.58(a)(1)(v).

The Warden, Respondent Constance Reese, through her staff at FMC-Rochester, deemed Petitioner ineligible for participation in a Community Corrections Center ("CCC"), a community-based program more commonly known as a halfway house, because of Petitioner's prior conviction for Sexual Battery. Since Petitioner is ineligible for a CCC, Respondents also deemed him ineligible for Section 3621 early release pursuant to BOP regulation at 28 CFR § 550.58(a)(1)(v) and Program Statement 5330.10. Although ineligible for early release, Petitioner was still eligible to participate in the RDAP. [Docket No. 8, Decl. Cuomo, Attach. E]. He successfully completed the 500 treatment hours required by RDAP between March 5, 1999 and October 29, 1999. [Id., p. 1].

With this Petition, Petitioner challenges the use of a prior conviction to deny him early release and challenges the requirement that he be eligible for a community-

---

1 The drug treatment program in question is called the Residential Drug Abuse Program ("RDAP").

based program at a CCC in order to be considered for early release. In support, Petitioner asserts that the statutory language of Section 3621 precludes Respondent from using a prior conviction as a factor in determining eligibility for early release. Petitioner also asserts Respondents should not have deemed him ineligible for early release based solely on ineligibility for a CCC because BOP regulations 28 C.F.R. §§ 550.56 and 550.58(a)(3)(i) allow him to complete the transitional services component of the RDAP at a CCC, in an institution or on home confinement. [Docket No. 1, p. 3-4].[2]

Petitioner raised these grounds for relief in the BOP's administrative review process and exhausted all levels of review as required by 28 C.F.R. § 542 et seq. [Docket No. 7, Decl. Vasquez, Attach. C]. His Petition does not specify the precise relief he seeks, but in the administrative review process, Petitioner requested that he "be determined eligible for both a 180 day placement in the Community Corrections Center and that my sentence be reduced by a period of one full year." [Docket No. 1, Attach. Administrative Remedies].

## I. Respondents Are Not Precluded from Using a Prior Conviction to Determine Eligibility for Section 3621.

When an inmate is assigned to a federal institution, the institution makes a determination of the security and custody designation appropriate to that individual. Soon

---

[2] Originally, Petitioner also claimed that FMC-Rochester staff intentionally removed FCI-Englewood documents from his file in violation of the Equal Protection Clause. The Parties agree that the documents indicated that FCI-Englewood staff deemed Petitioner provisionally eligible for early release. In his Petition, Petitioner asserted that FMC-Rochester staff removed the documents with the intent to discriminate against him on the basis of his sex. Petitioner withdrew this ground for relief in his Reply brief, stating: "In light of the fact that the respondents admit that the petitioner was found eligible by FCI-Englewood staff for both the 180 day community placement and the § 3621 sentence reduction, the petitioner dismisses the contention regarding the missing documentation which was raised in the petition." [Docket No. 9, p. 7, n. 1].

after his arrival at FMC-Rochester on December 8, 1998,[3] Petitioner's Unit Team[4] reviewed his custody classification, noted that Petitioner had a 1992 conviction for Sexual Battery in Kansas, and based on that conviction, classified Petitioner with a Public Safety Factor ("PSF")[5] as a Sex Offender. [Docket No. 8, p. 2]. BOP Program Statements dictate that inmates with Sex Offender PSFs must be "housed in at least a low security level institution," 5100.07, Ch. 7, p. 2, and are "ordinarily not eligible for placement in CCC." PS 7310.04, p. 10. Petitioner does not dispute the applicability of the PSF based on the prior conviction.[6] Rather, Petitioner objects to the use of the prior conviction, indirectly through the PSF, to render him ineligible for early release. Petitioner asserts that the language of Section 3621 is concerned only with an inmate's current conviction and precludes Respondents from considering a prior conviction when determining early release eligibility. In essence, he argues that it was an abuse of Respondents' discretion under that statute to deny him early release because of a prior conviction.

We disagree. Under Section 3621, Congress granted the BOP broad discretion to make eligibility determinations for early release. The Supreme Court and the

---

3

Petitioner was transferred from a BOP facility in Colorado to FMC-Rochester to participate in the RDAP. [Docket No. 8, Decl. Cuomo, p. 1].

4

A Unit Team consists of the Unit Manager, Case Manager and Correctional Counselor.

5

A PSF is an aspect of the BOP's inmate classification system. There are nine PSFs that may apply to an inmate. See BOP Program Statement 5100.07, Cuomo Decl., Attach. B.

6

In relevant part, BOP classification guidelines allow for a Sex Offender PSF if an inmate's current or prior history includes "engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery)." PS 5100.07, p. 2. Petitioner was convicted of sexual battery.

Eighth Circuit have recently held that the BOP does not abuse that discretion by using pre-conviction conduct to determine eligibility for early release. See Lopez v. Davis, 121 S.Ct. 714 (Jan. 10, 2001)("Bureau may categorically exclude prisoners [from Section 3621 early release eligibility] based on their preconviction conduct"); Zacher v. Tippy, 202 F.3d 1039 (8th Cir. 2000)(regulation excluding inmates with prior convictions for robbery, rape assault or homicide from early release is a proper exercise of BOP discretion); see also Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998)(upholding same regulation as proper exercise of discretion).

Petitioner argues that the statutory language of Section 3621 does not provide the BOP with authority to make any eligibility determinations. He states: "the purpose of [Section 3621] was to authorize the BOP to grant sentence reductions, and not to determine who is ineligible for the reduction." [Docket No. 9, p. 3, Petioner's Reply] Under this reading, the BOP has no authority to categorically deem inmates ineligible for early release, rather, early release eligibility must be determined on an individual, case-by-case basis. The Supreme Court recently evaluated the same argument in Lopez v. Davis, 121 S.Ct. 714 (Jan. 10, 2001) and held that through Section 3621 Congress did provide the BOP with the discretion to make categorical eligibility determinations.

In Lopez, an inmate challenged the validity of the BOP's regulation which categorically excluded from early release prisoners who possessed a firearm in connection with their current offense. See 28 C.F.R. § 550.58(a)(1)(vi)B). The Supreme Court upheld the categorical exclusion as a permissible exercise of the BOP's discretion under Section 3621. It based its decision on the statutory language which states:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). The Court noted that the use of the permissive "may" rather than the mandatory "shall" constituted a grant of discretion to the BOP. Thus, Congress gave the BOP authority to grant a qualified inmate a sentence reduction, but the BOP is under no statutory obligation to do so. Lopez, 121 S.Ct. at 722 ("[w]hen an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, . . . to reduce his term of imprisonment"). See also Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000)("the language of [Section 3621] is permissive, stating that the Bureau "may" grant early release, but not guaranteeing eligible inmates early release"); Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999), *aff'd sub nom.* Lopez, 121 S.Ct. 714. To the extent Congress left a gap in [Section 3621] for the BOP to fill, deference is owed the BOP's interpretation under Chevron U.S.A. v. Natural Resources Defense Council, Inc. 467 U.S. 837 (1984). The interpretation will be upheld so long as it is "reasonable in light of the legislature's revealed design." Lopez, 121 S.Ct. at 722 (citations omitted). With this discretion, the BOP has broad authority to make eligibility determinations, categorical or individual, so long as the determinations constitute permissible constructions of the statute.

Petitioner contends that the use of a prior conviction to deny him early release is not a permissible reading of Section 3621, and therefore is not within the BOP's discretion under that statute. Petitioner cites the statute's language indicating that the early release program applies to "prisoners convicted of a nonviolent offense." 18 U.S.C. § 3621(e). Petitioner argues that since the program was created for prisoners whose current

offense is nonviolent, eligibility for early release must be based solely on the instant offense of conviction, not a prior offense. [Docket No. 9, Petitioner's Reply, p. 2]. This argument was also made in Lopez and rejected by the Supreme Court. See Lopez, 121 S.Ct. at 721 ("[Lopez] contends that the Bureau may take into account only post-conviction conduct, not pre-conviction conduct"). Petitioner is correct that, by its plain language, Congress spoke in terms of current offense when it categorically denied early release for inmates whose current offense is not nonviolent. Nonetheless, Section 3621 leaves it up to the BOP to determine which of those nonviolent offenders are eligible for early release.

In Lopez, the Supreme Court determined that it was within the BOP's broad discretion under Section 3621 for it to consider past offenses when determining eligibility for early release. Lopez, 121 S.Ct. at 722. In rejecting the inmate's argument, the Court stated:

> We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.
>
> . . . the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb. By denying eligibility to violent offenders, the statute manifests congressional concern for preconviction behavior--and for the very conduct leading to conviction.

Lopez, 121 S.Ct. at 723; see also Zacher, 202 F.3d at 1044 (prior misdemeanor conviction can be used to disqualify inmate from early release).

Similarly, the BOP may consider a prior sex offense conviction when determining eligibility for early release. The BOP denies CCC placement to inmates classified with a Sex Offender PSF in the interests of public safety. See PS 5100.07, p. 1 (prisoner's with PSFs receive that classification because they "require increased security

measures to ensure the protection of society"). It is clearly reasonable for the BOP to consider and inmate's threat to the public when deciding whether to place them in a low security halfway house where they may encounter the public. As we will discuss in more depth below, it is also reasonable for the BOP to require participation in a community-based program when determining eligibility for early release, as that community-based program is an important part of drug rehabilitation. Thus, the BOP may consider Petitioner's prior sex offense in determining his eligibility for early release.

## II. Respondents May Base Eligibility for Early Release on an Inmate's Participation in a CCC.

Petitioner alternately contends that his ineligibility for CCC placement should not exclude him from eligibility for early release. The challenged BOP regulation states in relevant part: "[t]he following categories of inmates are not eligible for early release . . . (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion." 28 C.F.R. § 550.58(a)(1)(v). The BOP's implementing Program Statement reiterates the regulation and cites a CCC or home confinement as examples of community-based programs. PS 5330.10, p. 1.

Courts should apply the two-step test set forth in Chevron, when reviewing the validity of an administrative agency's regulation. Under the first step, if Congress' intent is clear and unambiguous, the agency, here the BOP, must give effect to that intent. Second, where the statutory language is ambiguous or silent, then the Court must determine whether the BOP's interpretation is a permissible construction of the statute. Chevron, 467 U.S. at 843. The Court will defer to agency regulations so long as they are not "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844.

The regulation is a valid act of BOP discretion. Other than the requirement that the current offense be nonviolent and the inmate successfully complete the drug program, Congress was silent on the circumstance in which the BOP may grant or deny the reduction. Lopez, 121 S.Ct. at 722. The statute says nothing about whether early release may be made contingent on participation in a community-based program. Thus, under the second step of Chevron, the regulation need only be a permissible interpretation of Section 3621.

The community-based requirement is permissible, as it is not arbitrary or capricious and does not conflict with the underlying purpose of Section 3621. The RDAP has a transitional services component that must be satisfied for the drug program to be successfully completed. See 28 C.F.R. § 550.56. The BOP added the community-based requirement for early release upon recommendation by the American Psychiatric Association that enhanced transitional services were necessary for successful drug rehabilitation. [Docket No. 7, Decl. Vasquez, Attach. G]. The purpose of the Section 3621 is to provide successful drug rehabilitation services. Early release is an incentive for inmates to participate in the program. We conclude that Section 3621 permits the BOP to consider participation in a community-based program in determining whether an inmate is eligible for early release. Other courts have upheld the same regulation as a permissible construction of the statute. See Rublee v. Fleming, 160 F.3d 213, 215-16 (5th Cir. 1998) (holding community-based requirement to be a permissible exercise of BOP discretion); Frias v. Reese, 1998 WL 822996 (N.D. Cal. 1998). We agree and recommend a finding that the regulation is a valid act of the BOP's discretion.

Petitioner further argues that the community-based requirement is impermissible because it conflicts with another BOP regulation at 28 C.F.R. §§ 550.56. Petitioner's argument is based on a misreading of the regulation which, in actuality, does not conflict with the regulation requiring community-based program eligibility. Section 550.56 states that the RDAP's required transitional services component may take place "in a community-based program and/or in a Bureau institution." 28 C.F.R. § 550.56. Petitioner argues that this regulation allows him to complete the transitional component within a BOP institution, which he has already done at FMC-Rochester. Petitioner is correct that the RDAP may be successfully completed at a community-based program or in a BOP institution. However, successful completion of the RDAP does not guarantee an inmate a sentence reduction. The BOP regulation at Section 550.56 describes components of the RDAP, but Section 550.58 establishes additional considerations of early release eligibility for an inmate who has satisfactorily completed the RDAP. See 28 C.F.R. § 550.58 ("an inmate who . . . [among other requirements] *successfully completes a residential drug abuse treatment program* during his or her current commitment may be eligible for early release" (emphasis added)). Successful completion of the drug program is prerequisite to early release, but it is not sufficient to obtain early release. Section 550.58(a)(1)(v), states that, of the inmates who successfully complete the program, only those inmates who are eligible for a community-based program may be considered for early release. The regulation does not conflict with Section 550.56 as Petitioner suggests.

Even if he is required to complete a community-based program, Petitioner argues in the alternative that the regulations allow him to fulfill that requirement in home confinement or in a CCC. Petitioner cites 28 C.F.R. § 550.58(a)(3)(i) which states: "[a]n

inmate who has successfully completed a [BOP] residential drug abuse treatment program on or after October 1, 1989 is otherwise eligible if . . . the inmate completes all applicable transitional services programs in a community-based program (i.e., in a [CCC] or on home confinement)." Thus, Petitioner reasons that Respondents' determination that he is ineligible for early release because he is ineligible for a CCC conflicts with this BOP regulation. We further note that the BOP's implementing Program Statement on Early Release Qualifications lists a CCC or home confinement as examples of community-based programs. See PS 5330.10, p. 3. Petitioner is correct that 28 C.F.R. § 550.58(a)(1)(v) predicates eligibility for early release on eligibility for a "community-based program," not merely upon eligibility for a CCC. The BOP's implementing Program Statement on CCCs lists a number of "community-based programs" in addition to the CCC; they are: Comprehensive Sanctions Center; Mothers and Infants Together, Home Confinement, Transitional Services Program. See PS 7310.04, p. 6.

Nonetheless, Petitioner is still not entitled to the relief he seeks. The early release regulation enables the Warden to determine eligibility for a community-based program and thus early release, "on the basis of his or her professional discretion." 28 C.F.R. § 550.58(a)(1)(v). In exercising her discretion, Respondent Warden Constance Reese, denied Petitioner consideration for early release eligibility, commenting: "inmate Smith is ineligible for 3621(e) early release due to a prior sexual offense." [Docket No. 8, Attachment D, Provisional Notice of Eligibility]. It does not specify that Petitioner is ineligible only because he cannot participate in a CCC. Furthermore, nothing in the record indicates that Petitioner would be eligible for home confinement or any of these other community-based programs. The Unit Manager at FMC-Rochester stated that Petitioner

is not eligible for home confinement. [Docket No. 8, Decl. Cuomo, p. 4]. Indeed, the BOP's custody classification manual dictates that inmates with Sex Offender PSFs must be housed in at least a low level security institution.

Moreover, even if Petitioner is correct that the BOP has impermissibly required CCC placement, he is still not entitled to the relief he seeks, a one-year sentence reduction. Section 3621 affords the BOP broad discretion to deny sentence reductions to even those inmates who complete the drug rehabilitation program. Under Section 3621, the BOP "may," but need not, grant a sentence reduction to qualifying inmates.

## RECOMMENDATION

For the reasons set forth above, it is recommended that the Petition for a Writ of Habeas Corpus [Docket No. 1] be denied and the Petition be dismissed with prejudice.

Dated: April 13, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **April 26, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.