**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gene Smith,

Petitioner,

v.

Constance Reese, as Warden, and
Janet Reno, as Attorney General.

Respondents.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2471 ADM/JMM

---

## I. INTRODUCTION

On November 7, 2000, Petitioner Gene Smith ("Smith"), *pro se*, filed a Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2241. This matter now is before the undersigned United States District Judge pursuant to Petitioner Smith's Objections [Doc. No. 12] to the April 16, 2001, Report and Recommendation ("R&R") of Magistrate Judge John M. Mason [Doc. No. 11]. In the R&R, Judge Mason recommends that the Petition for Writ of Habeas Corpus be denied and the Petition be dismissed with prejudice. For the reasons set forth below, the Petition is denied and dismissed.

## II. BACKGROUND

Petitioner Smith is a federal prisoner incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC"), serving a 84-month prison term for Conspiracy to Distribute Methamphetamine. He seeks early release from his sentence. As an incentive to participate in drug treatment, Congress has provided, in 18 U.S.C. § 3621(e)(2)(B), that the Bureau of Prisons ("BOP") may reduce by up to one year the prison term of an inmate convicted of a nonviolent

MAY 1 7 2001
FILED
FRANCIS E. DOSAL, CLERK MAY 17 2001
JUDGMENT ENTD
DEPUTY CLERK

felony, if the prisoner successfully completes a substance abuse program. Smith successfully completed the 500 treatment hours required by the Residential Drug Abuse Program ("RDAP"). Because of Smith's prior conviction for Sexual Battery, however, the Warden deemed Smith ineligible for participation in a Community Corrections Center ("CCC"). Accordingly, Smith was determined to be ineligible for a § 3621 early release. Smith challenges both the use of his prior conviction and the CCC eligibility requirements to deny him early release. Further factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Defendant's present objections.

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. In 1990, Congress amended the statute to provide that "[t]he Bureau shall . . . make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Pub.L. 101-647, § 2903, 104 Stat. 4913. Congress amended § 3621 four years later to provide an incentive for prisoners to participate in BOP substance abuse treatment programs. The incentive provision reads: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one

year from the term the prisoner must otherwise serve." Pub.L. 103- 322, § 32001, 108 Stat. 1897 (codified at 18 U.S.C. § 3621(e)(2)(B)).

Using the words "*may* be reduced," Congress granted the BOP discretion to make eligibility determinations for early release. *See Lopez v. Davis*, 121 S.Ct. 714, 722 (2001). The permissive "may" in § 3621(e)(2)(B) contrasts with the mandatory "shall" in the very same section. *Id.* Pursuant to § 3621(e)(2)(B), if an inmate serving a sentence for a conviction of a nonviolent offense successfully completes the RDAP, then the BOP has the authority, but not the duty, to reduce the inmate's term of imprisonment. Accordingly, the BOP has broad discretion to determine an inmate's eligibility for early release.

Congress left unanswered the question of *how* the BOP should exercise its discretion within the class of inmates meeting the prerequisites of § 3621(e)(2)(B). Contrary to Smith's argument that § 3621 does not provide the BOP with authority to make eligibility determinations, Congress has not identified any further circumstance in which the BOP either must grant the early release or is forbidden to do so. *Lopez*, 121 S.Ct. at 722. To the extent that Congress delegated eligibility determinations under § 3621(e)(2)(B) to the BOP, deference is owed to the BOP's interpretation as long as it is a permissible construction of the statute. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-45 (1984). Because the statute is silent or ambiguous[1] with respect to the specific issue of how agency

---

[1] Of course, the first question is "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43.

discretion is to be exercised, the question for the court is "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. The BOP's assertion of its discretion controls if it is "reasonable in light of the legislature's revealed design." *Lopez*, 121 S.Ct. at 722 (citations omitted).

Here, the BOP's eligibility determinations are based upon a permissible interpretation of the statute. Within its discretion under § 3621(e)(2)(B), the BOP may consider past offenses when determining eligibility for early release. *See Lopez*, 121 S.Ct. at 723. The BOP need not blind itself to preconviction conduct that it "reasonably views as jeopardizing life and limb." *Id.* Thus, the BOP may consider Smith's prior sex offense when determining his eligibility for early release.

Furthermore, categorical exclusions from eligibility for early release are a permissible exercise of the BOP's discretion. *Id.* The BOP may rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold such authority. *Id.* at 724 (citing *American Hospital Ass'n. v. NLRB*, 499 U.S. 606, 612 (1991)). Congress has not precluded this rulemaking authority here. Therefore, it is reasonable for the BOP's regulation, 28 C.F.R. § 550.58(a)(1)(v)[2], to exclude from early release categories of inmates who are ineligible for a community-based program, such as a CCC.

---

[2] The regulation reads, in pertinent part, "As an exercise of the discretion vested in [the BOP], the following categories of inmates are not eligible for early release . . . Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion." 28 C.F.R. § 550.58(a)(1)(v).

In sum, § 3621 affords the BOP broad discretion to deny sentence reductions even to those inmates who successfully complete a drug rehabilitation program. The BOP "may," but need not, grant an early release to qualifying inmates. The BOP's exercise of its discretion is based upon a permissible construction of § 3621(e)(2)(B). It may consider preconviction conduct and may delineate categories of inmates ineligible for early release. Smith's arguments are without merit.

## IV. CONCLUSION

Based upon the R&R of Judge Mason, all of the files, records and proceedings herein, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) The R&R [Doc. No. 11] is adopted in its entirety.

(2) The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED** and the Petition is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.